DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a summary judgment issued by the Lucas County Court of Common Pleas in favor of a health plan in a breach of contract claim.
 {¶ 2} Appellant, Taiwo Ngo, is a dentist. In 2002, she opened Midwest Dental Care, a private practice dental clinic. The same year she contracted with appellee, Paramount Care, Inc., to participate as a dental provider in appellee's health plan. The provider contract contained clauses for voluntary and involuntary terminations of the agreement by either party on written notice.
 {¶ 3} On November 27, 2002, appellant and appellee met to discuss several quality issues involving appellant's dental practice. Appellee's concerns included the clinic's noncompliance with the Americans with Disabilities Act, excessive wait times for patients, perceived unsanitary procedures and general complaints regarding unsatisfactory service and quality of care.
 {¶ 4} On January 15, 2003, appellee requested that appellant submit a corrective action plan within 30 days. Appellee suggested several options for the issues discussed, and stated that appellant's procedures for preventing the spread of communicable diseases were in line with industry standards. Two months later, appellant submitted a corrective action plan to appellee that dealt with the remaining issues.
 {¶ 5} On August 22, 2003, appellee sent a 30-day notice, which stated that it was terminating its service contract with appellant. The notice indicated that in the time since the corrective action plan was adopted, appellee continued to receive member complaints about the same issues addressed in the plan. The notice advised appellant that she could make a written request within 30 days for a hearing. Appellant timely appealed, following which she met with appellee's medical director and provider relations manager.
 {¶ 6} On October 31, 2003, appellee's medical director notified appellant that the decision to terminate the agreement was upheld and advised appellant that she had 30 days to make a written request for a hearing. In November 2003, appellant submitted such a request. Appellee's medical director set a hearing date and sent appellant a letter outlining the hearing process and identifying the members of the hearing panel. Appellant was told that if she wished to object to any panel member she must do so in writing to appellee's medical director by January 9, 2004.
 {¶ 7} On January 7, 2004, appellant advised appellee's medical director that she required a different hearing date, but made no objection to the panel members. Seven days later, appellant was notified that a doctor on the panel was being replaced by another doctor. Later that month, appellee's medical director gave written notice to appellant that the hearing was rescheduled for March. The hearing took place as scheduled. On March 29, 2004, appellee's medical director informed appellant via letter that the panel members recommended terminating the agreement. Appellant later complained about the panel members.
 {¶ 8} On December 1, 2004, appellant sued appellee, alleging breach of contract. Following discovery, appellee moved for summary judgment, arguing that the termination of its contract with appellant was for cause and that its termination procedures were in conformity with the contract. On the undisputed evidence submitted, the trial court concluded that the procedures used terminating the provider contract were in conformity with the contract and granted summary judgment to appellee. From this judgment, appellant now brings this appeal. In two assignments of error, appellant contends that the lower court erred in granting summary judgment. Appellant asserts that the court erred in finding, as a matter of law, that appellee did not breach its contract with appellant. She also argues that genuine issues of material fact exist as to whether the contract was properly terminated and she questions whether the hearings met the requirements of the contract and R.C. 1753.09.
 {¶ 9} On a motion for summary judgment, an appellate court's review of a trial court's ruling is de novo. The appellate court applies the same standard as the trial court. Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105. The motion may be granted only when it is demonstrated:
 {¶ 10} "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 67, Civ.R. 56(C).
 {¶ 11} "Generally, a breach of contract occurs when a party demonstrates the existence of a binding contract or agreement; the non-breaching party performed its contractual obligations; the other party failed to fulfill its contractual obligations without legal excuse; and the non-breaching party suffered damages as a result of the breach." Wauseon Plaza LimitedPartnership v. Wauseon Hardware Co. (2004), 156 Ohio App.3d 575,582, citing Garofalo v. Chicago Title Ins. Co. (1995),104 Ohio App.3d 95, 108.
 {¶ 12} Both of appellant's assignments of error rest on her assertion of the impropriety of appellee's contractual termination procedures and the resulting purported unreliability of the result.
 {¶ 13} Appellant asserts that R.C. 1753.09 governs termination of provider agreements for standards of quality. She argues that the procedure for terminating the service agreement, as outlined in R.C. 1753.09, was incorporated into the service contract and was not followed by appellee. We disagree.
 {¶ 14} R.C. 1753.09 and the procedural portion of the service contract share the same requirements. Both state that if a health plan believes that a provider has failed to meet the plan's standards for quality or utilization in the delivery of services, it must give notice of its reasons for terminating a provider. It must also give that provider an opportunity to take corrective action. Both require the health plan to develop a performance improvement plan in conjunction with the participating provider.
 {¶ 15} Appellant's argument that R.C. 1753.09, unlike the service contract, has an additional requirement, one that mandates that health plans give participating providers an opportunity to take corrective action after giving notice of termination, is not persuasive. R.C. 1753.09 provides that "* * * prior to terminating the participation of a provider * * * a health insuring corporation shall give the participating provider notice of the reason or reasons for its decision to terminate the provider's participation and an opportunity to take corrective action."
 {¶ 16} The statute clearly states that the provider must be given notification of deficiencies and an opportunity to correct these deficiencies. The statute does not state when such notification must be given them. Here, appellee met with appellant to discuss several quality issues pertaining to appellant's practice. Two months later, appellee sent a letter to appellant requesting that she submit a corrective action plan within 30 days. Appellant responded with a corrective action plan. Five months later, appellee notified appellant that it was terminating her provider status because of continued member complaints about the issues discussed in the corrective action plan.
 {¶ 17} Appellee followed the guidelines for terminating appellant's provider contract as outlined in R.C. 1753.09. Appellant was notified of the quality issues regarding her practice. Appellant was given an opportunity to take corrective action, and in conjunction with the health plan, appellant developed a performance improvement plan. Still the member complaints continued, which indicates that appellant failed to comply with the plan. In accordance with the statute, appellee terminated appellant's participation in the plan.
 {¶ 18} In the trial court, and here, appellant also complains about the composition of the members of the review panel, specifically that one of the panel members was "in competition" with appellant. As the trial court noted, appellant did not timely object to any of the panel members. Moreover, the trial court observed, the fact that that the two dentists were "in competition" was supported only by the affidavit of appellant's former counsel, who, the trial court ruled, was incompetent to offer such an opinion pursuant to Evid.R. 701. We concur with the trial court. Appellant's former counsel's affidavit failed to establish any cognizable expertise by which he could support an opinion as to whether the panel member and appellant were in competition.
 {¶ 19} Appellant also asserts that appellee broke an express promise to notify appellant of any problems continuing after the corrective action plan was accepted. Having continued to receive member complaints after the plan was implemented, appellee sent a 30-day notice of cancellation. Appellant failed to meet this criterion. In a letter acknowledging receipt of appellant's corrective action plan, appellee wrote, "Paramount will continue to monitor complaints from members regarding these concerns and will notify you if these actions recur" (sic). Appellee did continue to monitor complaints and notified appellant of the continuing problems in its letter of termination. Additionally, appellant failed to fulfill her end of the bargain by not following the corrective action plan as indicated by the continuing complaints.
 {¶ 20} Based on the foregoing reasons, we conclude that no genuine issue of material fact exists as to whether a contract was breached. Summary judgment was, therefore, appropriate. Accordingly, appellant's two assignments of errors are not well taken.
 {¶ 21} On consideration, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., Parish, J., concur.