DECISION AND JUDGMENT ENTRY
{¶ 1} This landlord-tenant dispute is before the court on appeal of the April 23, 2007 judgment of the Vermilion Municipal Court, Small Claims Division, which awarded appellee, Elden Properties Limited Partnership, $1,284 for unpaid rent and dismissed appellant Richard Sagert's claims.
 {¶ 2} A brief history of the case is as follows. On August 8, 1999, appellant signed his initial yearly lease for unit "P" in appellee's Crystal Shores Apartments located *Page 2 
in Vermilion, Erie County, Ohio. Appellant tendered a security deposit of $475, or one month's rent. In August 2001, appellant signed a lease for unit "T" and tendered a $495 security deposit.
 {¶ 3} On January 1, 2002, appellant, desiring to move to a smaller apartment, signed a lease for unit "U," with the lease term expiring on December 31, 2002. The security deposit for unit "T" was transferred to unit "U." Appellant renewed this lease for 2003 and 2004, both with lease terms expiring on December 31. Appellant disputes the expiration date of the lease term, he contends that the original August 31 date applied to the subsequent leases.
 {¶ 4} According to appellant, during his tenancy in unit "U" there was a flood which caused water damage. Appellant states that mold and mildew began to grow in the apartment. Appellant took several photographs of the alleged damage; the photographs are part of the record in this appeal. Appellant argues that this is why he vacated the apartment.
 {¶ 5} On January 18, 2007, appellant, pro se, commenced this action against appellee alleging several claims including breach of contract, negligence, harassment, and defamation. Appellant requested compensatory and punitive damages in the sum of $3,000.
 {¶ 6} On February 7, 2007, appellee filed an answer and counterclaim. In its counterclaim, appellee alleged that appellant failed to pay rent from July 2004 through December 2004, when the lease term expired. Appellee stated that it was able to re-rent *Page 3 
the apartment in mid-October. Appellee further alleged that appellant damaged the apartment during his tenancy, left the apartment in an unclean condition, and failed to return the apartment keys.
 {¶ 7} A trial was held on April 13, 2007, and evidence was presented. On April 23, 2007, the trial court granted judgment in appellee's favor in the sum of $1,284, the rent owed from July through October, with a $350 credit representing the security deposit.
 {¶ 8} On May 12, 2007, appellant filed a motion to vacate the judgment. Appellant argued that under R.C. 5321.07 he was permitted to terminate the lease agreement because appellee breached the agreement by failing to maintain the premises in a safe and habitable condition. Appellant further argued that his lease term ended in August 2004, not December 2004. The trial court construed the motion as an appeal and assigned the matter to a visiting judge.
 {¶ 9} On May 4, 2007, appellant requested that the court issue findings of fact to aid in his appeal. The trial court, in its May 22, 2007 findings of fact, stated that the new lease entered into by appellant terminated the prior lease "thereby changing the renewal term." The court then concluded that "Defendant is owed rent on the unit from the date of the vacation up to the date the unit was rented to a new tenant. Plaintiffs other claims were without justification." This appeal followed.[1] *Page 4 
 {¶ 10} Although difficult to decipher, we set forth the following as an approximation of appellant's assignments of error:
 {¶ 11} "1. The trial court erred, in the journal entry, a mathematical error, I had a deposit of $495, she credits me for $350, does not give me an explanation where the other $145 difference went?"
 {¶ 12} 2. The judgment was against the manifest weight of the evidence.
 {¶ 13} 3. The trial court judge was biased and had ex parte communications with appellee who is a former Vermilion Municipal Court judge.
 {¶ 14} 4. As evidenced by the Sixth Appellate District's September 4, 2007 decision, the trial court erred by appointing a non-appellate court judge to hear an appeal.
 {¶ 15} Appellant's first assignment of error disputes the portion of the trial court's judgment crediting him with $350 for his security deposit. Appellant contends that the amount of the deposit was $495, and that the court failed to indicate the reason for the discrepancy. The court's judgment awarded appellee rent, at $440 per month, for the months of July through September 2004. The court also awarded appellee $314 for part of October. The court then took the sum of these amounts, $1,634, and subtracted $350 for a total of $1,284.
 {¶ 16} The documents appellant presented at trial, and those attached to appellee's answer and counterclaim, show that the 2002 initial lease agreement for unit "U" states in *Page 5 
the "Security Deposit" line "Transfer Deposit from 350-T." Reviewing the relevant documents, we must conclude that the trial court arrived at the $350 credit by erroneously using the street address, 350 (Salem Drive), as the amount of appellant's deposit. Accordingly, we find that appellant's first assignment of error is well-taken.
 {¶ 17} In his second assignment of error, appellant contends that the judgment was against the manifest weight of the evidence presented at trial. Appellant, as the party challenging the trial court's decision has the duty to file the transcript to ensure that an appellate court can properly evaluate the lower court's decision. Chambers v.Chambers, 12th Dist. No. CA2001-06-014, 2002-Ohio-869, citing Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. Appellant has further failed to prepare an App.R. 9(C) statement of the evidence, settled and approved by the trial court.
Absent a transcript to review, we must presume the validity and regularity of the proceedings below with respect to the trial court's determination. Knapp. Further, because the trier of fact sees and hears the witnesses and is particularly competent to decide "whether, and to what extent, to credit the testimony of particular witnesses," we must afford substantial deference to its determinations of credibility.State v. Lawson (Aug. 27, 1997), 2d Dist. No. 16288. Accordingly, we find that appellant's second assignment of error is not well-taken.
 {¶ 18} In appellant's third assignment of error he contends that the trial judge was biased because John Elden, Jr., owner of appellee, is a former Vermilion Municipal Court judge. Further, appellant argues that Elden and the trial judge had ex parte *Page 6 
communications. We have reviewed appellant's allegations and find that he has not presented sufficient evidence of improper communications between Elden and the trial judge; further, appellant has failed to demonstrate bias. Appellant's third assignment of error is not well-taken.
 {¶ 19} In his final assignment of error, appellant argues that the trial court erred by appointing a visiting judge to hear his appeal. In our September 4, 2007 judgment entry, we did indicate that the court erred when, after deeming appellant's motion to vacate judgment as an appeal, it failed to forward it to the clerk of the court of appeals. However, this finding has no bearing on the merits of appellant's appeal. Accordingly, we find that appellant's fourth assignment of error is not well-taken.
 {¶ 20} On consideration whereof, pursuant to App.R. 12(B), we hereby modify the trial court's judgment as follows: Judgment is rendered to appellee in the amount of $1,139, which represents the amount of rent owed for the months of July through October 2004, with a credit of $495 for the security deposit.
 {¶ 21} The judgment of the Vermilion Municipal Court is affirmed, in part, and modified as noted. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
 JUDGMENT AFFIRMED, IN PART, AND MODIFIED. *Page 7 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J., concur.
[1] On September 4, 2007, after dismissing appellant's appeal as being untimely filed, we reinstated the appeal finding that the trial court incorrectly construed appellant's Civ.R. 60(B) motion to vacate judgment as an appeal of the judgment. The court's assignment of the case to a visiting judge caused the delay in appellant's filing of an appeal with this court. *Page 1