[Cite as *State v. Besteder*, 2014-Ohio-3760.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                            Court of Appeals No. L-13-1257

      Appellee                                       Trial Court No. CR0201301858

v.

Benjamin Besteder                                **DECISION AND JUDGMENT**

      Appellant                                      Decided:  August 29, 2014

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lindsay D. Navarre, Assistant Prosecuting Attorney, for appellee.

Ernest E. Bollinger, for appellant.

* * * * *

**YARBROUGH, P.J.**

## I.  Introduction

{¶ 1} Appellant, Benjamin Besteder, appeals the judgment of the Lucas County

Court of Common Pleas, imposing a prison sentence of 37 years following a jury's

determination of guilt.  We affirm.

## A. Facts and Procedural Background

{¶ 2} On June 3, 2013, appellant was indicted on one count of discharging a firearm upon or over a public road or highway in violation of R.C. 2923.162(A)(3) and (C)(3), three counts of felonious assault in violation of R.C. 2903.11(A)(2), and one count of participating in a criminal gang in violation of R.C. 2923.42(A) and (B), all of which are felonies of the second degree. Additionally, specifications for discharging a firearm from a motor vehicle in violation of R.C. 2941.146 were attached to all counts except participating in a criminal gang. The charges stemmed from a drive-by shooting that occurred on May 25, 2013, at a softball field adjacent to Robinson Junior High School in Toledo.

{¶ 3} At his arraignment, appellant entered a plea of not guilty, and the matter proceeded through pretrial. A jury trial was eventually conducted over a three-day period beginning on October 7, 2013. At the conclusion of the trial, the jury found appellant guilty of all counts and specifications, with the exception of participating in a criminal gang, which was dismissed by the state. The matter was continued for sentencing and a presentence investigation report was ordered.

{¶ 4} A sentencing hearing was subsequently held on October 29, 2013. At the hearing, the court sentenced appellant to a prison term of eight years as to each of the four counts for which he was found guilty, to be served consecutively. Additionally, the court imposed a mandatory five-year consecutive sentence for each specification. The court then ordered the specifications merged for a single 5-year consecutive sentence.

When aggregated, the sentences imposed by the court amounted to a prison term of 37 years. It is from this judgment that appellant has filed his timely notice of appeal.

## B. Assignment of Error

**{¶ 5}** In his appeal, appellant assigns the following error for our review:

THE COURT ERRED IN ORDERING MAXIMUM SENTENCES AND ORDERING THEM TO BE SERVED CONSECUTIVELY.

## II. Analysis

**{¶ 6}** In his sole assignment of error, appellant argues that the trial court erred in its imposition of sentence. Specifically, he argues that the sentence he received was inconsistent with sentences previously imposed in similar cases involving similar crimes, in violation of R.C. 2929.11(B). "When a sentence is objected to and alleged to be inconsistent with other sentences, what is truly being contested is whether the sentence is supported by the record." *State v. Lathan*, 6th Dist. Lucas No. L-03-1188, 2004-Ohio-7074, ¶ 26, *reversed in part on other grounds on reconsideration*, 2005-Ohio-321.

**{¶ 7}** We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Banks*, 6th Dist. Lucas No. L-13-1095, 2014-Ohio-1000, ¶ 10. Under R.C. 2953.08(G)(2), we may either increase, reduce, or otherwise modify a sentence, or vacate the sentence and remand the matter for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law.

3.

**{¶ 8}** R.C. 2929.11(B) provides:

(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

**{¶ 9}** In support of his contention that he received an excessive sentence relative to prior sentences that have been imposed for similar crimes, appellant cites a 2012 case styled *State v. Johnson* from the Lucas County Court of Common Pleas (CR201202149) where the defendant was convicted on three counts of felonious assault for shooting two individuals and spraying an individual with mace. In that case, the defendant was ordered to serve six years in prison. Asserting that his case is similar, appellant argues that he should have received a similar sentence.

**{¶ 10}** Regarding the similarity between the two cases, appellant acknowledges that *Johnson* did not involve a drive-by shooting. Rather, appellant argues that his case is less serious in that "in *State v. Johnson*, the shots were aimed directly at the intended victims, while in the case at bar, the shots were randomly fired from a moving vehicle, and not even the victim believed he was a target." Appellant fails to mention that his "random" shots were fired into a crowd of approximately 100 people, any one of whom could have been seriously injured or killed. Moreover, appellant admits that he was on

4.

community control when he committed the crimes at issue, whereas the defendant in *Johnson* was not on community control when his crimes were committed. Additionally, while the defendant in *Johnson* was convicted on two counts of felonious assault, appellant was sentenced following conviction on four such counts. Thus, appellant's consistency argument is without merit.

{¶ 11} We also note that appellant has failed to direct our attention to any deficiencies on the part of the trial court to consider the statutory guidelines or sentencing factors. Rather, the record demonstrates that the trial court considered the purposes and principles of felony sentencing. Indeed, the court stated in its sentencing entry that it "considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under R.C. 2929.12." Consequently, we conclude that the trial court's sentence is not contrary to law.

{¶ 12} Accordingly, appellant's sole assignment of error is not well-taken.

### III. Conclusion

{¶ 13} For the reasons stated above, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                      _____
                                                         JUDGE

Thomas J. Osowik, J.

Stephen A. Yarbrough, P.J.             _____
CONCUR.                                                         JUDGE

_____
                                                         JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.