[Cite as *State v. Newman*, 2016-Ohio-2667.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                           Court of Appeals No. WD-15-031

     Appellee                                       Trial Court No. 2013CR0060

v.

James S. Newman                                **DECISION AND JUDGMENT**

     Appellant                                      Decided:  April 22, 2016

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Eric Allen, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, James S. Newman, appeals from the October 28, 2013 judgment of the Wood County Court of Common Pleas sentencing appellant to an aggregate sentence of eight consecutive years of imprisonment following acceptance of his guilty plea to ten counts:  two counts of burglary, two counts of disrupting public services,

safecracking, possessing criminal tools, two counts of identity fraud, tampering with evidence, and obstructing official business. Appellant did not timely appeal from this judgment. However, on May 8, 2015, this court granted his motion for leave to file a delayed appeal, appointed counsel to represent appellant, and ordered a transcript of proceedings prepared at state expense (the plea and sentencing hearings were filed in the record). On appeal, appellant asserts a single assignment of error:

THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S REQUEST FOR NEW COUNSEL IN VIOLATION OF HIS RIGHT TO COUNSEL PURSUANT TO THE SIXTH AMENDMENT TO THE FEDERAL CONSTITUTION.

{¶ 2} Appellant was indicted in February 2013, and counsel was appointed for him because of his indigency. On June 28, 2013, during a pretrial hearing, appellant orally asked for substitute appointed counsel. The trial court denied the request for new counsel in a July 2, 2013 judgment wherein the court also indicated that during the hearing the "case then went on the record." However, no praecipe was filed by appointed counsel and no transcript of this pretrial hearing was prepared for purposes of this appeal. Eventually, appellant entered a guilty plea and was sentenced. On delayed appeal, appellant challenges only that the denial of his request for substitute appointed counsel violated his constitutional rights. For the reasons which follow, we affirm the trial court's judgment.

2.

{¶ 3} The right to the assistance of counsel for criminal proceedings is guaranteed under the Sixth Amendment to the United States, made applicable to the states through the Fourteenth Amendment to the United States Constitution; the Ohio Constitution, Article 1, Section 10; and Crim.R. 44. The United States Supreme Court has held that the Sixth Amendment generally guarantees the right to representation by counsel of the defendant's choice. *Powell v. Alabama*, 287 U.S. 45, 53, 53 S.Ct. 55; 77 L.Ed. 158 (1932). Indigent defendants who do not have the means to hire their own lawyers do not have a right to appointed counsel of their choice. *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624, 109 S.Ct. 2646, 105 L.Ed.2d 528 (1989); *Wheat v. U.S.*, 486 U.S. 153, 159, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988); *U.S. v. Iles*, 906 F.2d 1122, 1130 (6th Cir.1990); *Thurston v. Maxwell*, 3 Ohio St.2d 92, 93, 209 N.E.2d 204 (1965). Indigent defendants have only the right to appointed counsel and to competent, effective legal representation. *Strickland v. Washington*, 466 U.S. 668, 685-686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶ 4} The defendant is entitled to new appointed counsel only upon a motion filed timely and in good faith with a showing of "good cause, such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict which leads to an apparently unjust verdict." *United States v. Calabro*, 467 F.2d 973, 986 (2d Cir.1972). *Accord Iles*; *State v. Murphy*, 91 Ohio St.3d 516, 523, 747 N.E.2d 765 (2001); *State v. Coleman*, 37 Ohio St.3d 286, 292, 525 N.E.2d 792 (1988), quoting *People v. Robles*, 2 Cal.3d 205, 215, 466 P.2d 710 (1970) ("the defendant must show 'a breakdown in the

3.

attorney-client relationship of such magnitude as to jeopardize the defendant's right to effective assistance of counsel.'") The substitution of counsel is a matter left to the discretion of the trial court. *Wheat* at 163; *Calabro*; *State v. Jones*, 91 Ohio St.3d 335, 342, 744 N.E.2d 1163 (2001). The trial court's decision is reviewed under an abuse of discretion standard. *Murphy*, quoting *State v. Cowans*, 87 Ohio St.3d 68, 73, 717 N.E.2d 298 (1999).

{¶ 5} Appellant's only argument is that it is unconstitutional to allow a defendant who has the assets needed to hire retained counsel to be able to substitute new counsel but not an indigent defendant who must accept the attorney appointed by the court. We disagree.

{¶ 6} Even a defendant with retained counsel cannot automatically substitute new counsel. *Wheat* (a defendant was not entitled to automatically substitute his retained counsel with new counsel who would have a conflict of interest because he already represented a co-conspirator). The United States Supreme Court held that "the essential aim of the [Sixth] Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Id*. at 159. The defendant's choice of retained counsel is permitted so long as that constitutional right does not unreasonably interfere with the normal progress of a criminal case. *Linton v. Perini*, 656 F.2d 207, 211 (6th Cir.1981). Therefore, even a defendant with retained counsel cannot automatically invoke this Sixth Amendment right to the attorney of his choice. Although the defendant with retained

4.

counsel does not have to show good cause, the substitution of retained counsel is still a matter left to the discretion of the trial court to balance "the accused's right to counsel of his choice and the public's interest in the prompt and efficient administration of justice." *Murphy*, citing *United States v. Jennings*, 83 F.3d 145, 148 (6th Cir.1996).

{¶ 7} In this case, however, we cannot review the trial court's exercise of discretion because appellant failed to request a transcript of the July 2, 2013 pretrial hearing where this issue was argued or to file a substitute under App.R. 9(C). Without a complete appellate record, we must presume the regularity of the proceedings. *State ex rel. Montgomery v. R & D Chem. Co.*, 72 Ohio St.3d 202, 204, 648 N.E.2d 821 (1995); *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 19, 520 N.E.2d 564 (1988); *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). It is the appellant's duty to ensure that the record necessary for determination of the appeal has been filed. *Rose Chevrolet*. Therefore, appellant's sole assignment of error is not well-taken.

{¶ 8} Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.      _____
                 JUDGE
Thomas J. Osowik, J.

                _____
James D. Jensen, P.J.        JUDGE
CONCUR.

                _____
                 JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.