[Cite as *State v. Holcomb*, 2017-Ohio-2579.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


State of Ohio                                        Court of Appeals No. L-16-1112

        Appellee                                  Trial Court No. CR0201601028

v.

Kevin Holcomb                                 **DECISION AND JUDGMENT**

        Appellant                                 Decided:  April 28, 2017

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Claudia A. Ford, Assistant Prosecuting Attorney, for appellee.

Julie Jacek Bookmiller, for appellant.

* * * * *

**JENSEN, P.J.**

{¶ 1} Appellant, Kevin Holcomb, appeals his sentence from the May 5, 2016

judgment of the Lucas County Court of Common Pleas.  For reasons that follow, we

affirm.

**Assignment of Error**

{¶ 2} Appellant sets forth the following assignment of error:

The Trial Court's sentence was contrary to law.

**Facts**

{¶ 3} This matter arises out of an alleged robbery that occurred on December 1, 2015. Appellant was identified by the victim as one of three offenders. Appellant was a drug dealer and member of the "X-Blocc" gang. On record, appellant admitted that his X-Blocc membership dated back to 2007.

{¶ 4} During the December 1, 2015 alleged robbery, appellant entered the victim's vehicle as one of the other offenders put a gun to the victim's head. Appellant then allegedly went through the victim's pockets and took the victim's money, watch, ring, keys and phone.

{¶ 5} On January 7, 2016, appellant was indicted on three counts: aggravated robbery with firearm and gang participation specifications in violation of R.C. 2911.01(A)(1), a felony of the first degree; having a weapon under disability in violation of R.C. 2923.13(A)(3), a felony of the third degree; and, participating in a criminal gang in violation of R.C. 2923.42(A) and (B), a felony of the second degree.

{¶ 6} On April 20, 2016, appellant entered a plea of guilty to participation in a criminal gang in violation of R.C. 2923.42(A) and (B), a felony of the second degree. The other counts of his indictment were dismissed. After entering his plea, the court

2.

noted appellant was on probation and had outstanding warrants for domestic violence and driving impaired. Sentencing was set for May 4, 2016.

{¶ 7} At sentencing, the court stated that it reviewed and considered the record, oral statements and presentence investigation report. The court also stated that it considered the principles and purposes of sentencing under R.C. 2929.11, and that it balanced the seriousness, recidivism and other factors under R.C. 2929.12. Based on its considerations, the court sentenced appellant to five years incarceration and three years postrelease control for the participation in a criminal gang conviction. Appellant's codefendant, who put a gun to the victim's head during the December 1, 2015 alleged robbery, on the other hand, only received two years incarceration, following his guilty plea, for his conviction for participation in a criminal gang.

{¶ 8} Appellant's imposed sentence was journalized May 5, 2016. Appellant's timely appeal followed.

### Standard of Review

{¶ 9} We review felony sentences under a two-prong approach. R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, modify, or vacate and remand a disputed sentence if it clearly and convincingly finds either of the following:

> That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code,

3.

whichever, if any, is relevant; or (b) That the sentence is otherwise contrary

to law.

*See State v. McClanahan*, 6th Dist. Ottawa No. OT-14-024, 2014-Ohio-5597, ¶ 9.

## Law & Analysis

{¶ 10} In the sole assigned error, appellant challenges his imposed sentence as contrary to law by asserting that his sentence was excessive compared to that of his codefendant. Appellee contends the record is devoid of evidence from which the court can conclude appellant's sentence is disproportionate to that of his codefendant.

{¶ 11} "[A] defendant claiming inconsistent sentencing must show the trial court failed to properly consider the statutory sentencing factors and guidelines found in R.C. 2929.11 and 2929.12." *State v. Conn*, 12th Dist. Warren Nos. CA2014-04-059, CA2014-04-061, CA2014-06-084, 2015-Ohio-1766, ¶ 28. *See also McClanahan* at ¶ 16 ("Rather, to demonstrate that a sentence is inconsistent, an offender must show that the trial court did not properly consider applicable sentencing criteria found in R.C. 2929.11 and 2929.12.").

{¶ 12} As articulated below, we find the record in this case reflects that the trial court properly proceeded under R.C. 2929.11 and 2929.12, and therefore appellant's sentence cannot be deemed disproportionate or inconsistent.

## Principles and Purposes of Sentencing

{¶ 13} R.C. 2929.11(A) pertinently provides, "[t]he overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to

punish the offender using the minimum sanctions." It follows, "the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *See* R.C. 2929.11(A); *see State v. Craig*, 6th Dist. Wood No. WD-14-061, 2015-Ohio-1479, ¶ 10.

{¶ 14} A felony sentence, therefore, "shall be reasonably calculated to achieve the two overriding purposes * * * set forth in [R.C. 2929.11(A)], commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." *See* R.C. 2929.11(B); *see State v. Besteder*, 6th Dist. Lucas No. L-13-1257, 2014-Ohio-3760, ¶ 8.

{¶ 15} In this case, at the May 4, 2016 sentencing hearing, the trial court specifically discussed its concern that appellant participated in a criminal gang since 2007, had 24 misdemeanor convictions, had a prior felony, had felonies as a juvenile, and had active warrants for domestic violence and driving impaired. The court also noted, "of more concern[,]" that appellant was once sentenced and granted judicial release but subsequently incurred multiple violations, which lead to an unsuccessful discharge from probation. Therefore, we find there is ample support on record the court complied with R.C. 2929.11, and the sentence is not contrary to law on that basis.

{¶ 16} Moreover, appellant fails to show his sentence was inconsistent with similarly situated offenders, including that of his codefendant.

5.

**{¶ 17}** R.C. 2929.14(A)(2) provides a statutory prison term range for participation in a criminal gang, which is a second-degree felony, as two to eight years.

**{¶ 18}** In this case, appellant was sentenced to five years incarceration for his participating in a criminal gang conviction. This sentence is within the permissible statutory range, and is also found to be consistent with sentences imposed for other offenders convicted of participation in a criminal gang. *See*, *e.g.*, *State v. Nelson*, 6th Dist. Lucas No. L-15-1190, 2016-Ohio-7115, ¶ 14 (imposing seven years incarceration for gang participation); *State v. Gibson*, 6th Dist. Lucas Nos. L-13-1222, L-13-1223, 2015-Ohio-1679, ¶ 17 (imposing eight years incarceration for gang participation); *State v. Nobles*, C.P. No. G-480 1-CR-0201402780-000, 2015 Ohio Misc. LEXIS 22608 (Aug. 28, 2015) (imposing six years incarceration for gang participation). Thus, the court properly imposed sentence within the statutory range and appellant's sentence is not contrary to law on that basis.

**{¶ 19}** Further, we note, although appellant attaches a final judgment entry reflecting his codefendant's sentence, appellant provides no additional evidence of record regarding his codefendant's criminal history. *See State v. Jones*, 6th Dist. Ottawa No. OT-14-042, 2015-Ohio-4209, ¶ 24 (stating that "absent evidence that the sentence was inconsistent or disproportionate we must conclude that the sentence was not clearly or convincingly contrary to law."); s*ee also State v. Newman*, 6th Dist. Wood No. WD-15-031, 2016-Ohio-2667, ¶ 7 ("Without a complete appellate record, we must presume the regularity of the proceedings.").

6.

**{¶ 20}** Therefore, because we find appellant's sentence was in accordance with statutory guidelines of R.C. 2929.14(A)(2), and that the sentence is found consistent with similar crimes committed by similar offenders, there is nothing on record to find appellant's sentence was inconsistent with that of his codefendant under R.C. 2929.11.

### Seriousness and Recidivism Factors

**{¶ 21}** R.C. 2929.12(A) pertinently provides, "a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing."

**{¶ 22}** In this determination, "R.C. 2929.12 provides a non-exhaustive list of factors the court must consider in determining the relative seriousness of the underlying crime and the likelihood that the defendant will commit another offense in the future." *State v. Kronenberg*, 8th Dist. Cuyahoga No. 101403, 2015-Ohio-1020, ¶ 26. However, a sentencing court is not required to use any specific language or make specific findings to demonstrate that it considered the applicable seriousness and recidivism factors. *See State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000).

**{¶ 23}** In this case, the May 5, 2016 sentencing entry states, "[t]he Court has considered the * * * principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness, recidivism and other relevant factors under R.C. 2929.12." Based on our independent review of the record, we cannot say the trial court committed reversible error when imposing five years incarceration upon appellant. Factoring in appellant's criminal record, the seriousness of his gang activity, and appellant's chance of

7.

recidivism based on his past conduct and probation violations, we find sufficient basis to conclude the finding under R.C. 2929.12 was amply supported by the record. Thus, the imposed sentence is not contrary to law on that basis. Appellant's sole assignment of error is found not well-taken.

## Conclusion

**{¶ 24}** The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay costs of this appeal pursuant to App.R.24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
JUDGE

Thomas J. Osowik, J.       

                   _____

James D. Jensen, P.J.        JUDGE
CONCUR.

                   _____
JUDGE

8.