[Cite as *Skotynsky v. Jones*, 2018-Ohio-431.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Walter Skotynsky                                   Court of Appeals No. L-17-1103

      Appellant                              Trial Court No. CVI-16-18579

v.

Tammy Jones                                        **DECISION AND JUDGMENT**

      Appellee                               Decided:  February 2, 2018

* * * * *

Walter J. Skotynsky, for appellant.

* * * * *

**SINGER, J.**

## Introduction

{¶ 1} Appellant, Walter J. Skotynsky, appeals the March 31, 2017 judgment of the Toledo Municipal Court, Small Claims Division, granted in favor of appellee, Tammy L. Jones.  Finding no error, we affirm.

## Assignments of Error

{¶ 2} Appellant sets forth the following assignments of error:

1. THE TRIAL COURT ERRORED (sic) IN DENYING PLAINTIFF'S REQUEST FOR A CONTINUANCE.

2. THE COURTS (sic) FINDINGS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

## Background

{¶ 3} Appellant, a practicing attorney, entered into a representation agreement with appellee. The representation spanned from April 2015, to January 2016.

{¶ 4} Appellee deposited $2,000 with appellant as a retainer, and appellant's billing rate was set at $150 per hour. Appellant was to send monthly invoices once the retainer was exhausted, which he did not. His reason for not doing so was his secretary was on leave.

{¶ 5} After the representation concluded, appellant sent five itemized invoices in February, April, June, November, and December 2016. The invoices detailed appellant's billed time, and the total amount requested was $1,750 (which was $3,750 less the $2,000 retainer). Appellee did not pay the $1,750.

{¶ 6} Appellant filed a complaint on December 21, 2016. In the complaint, he did not specify the legal theory on which he relied for his request for judgment in the amount of $1,919.21 (which included the $1,750 and 3 percent interest). The complaint states, as its "Nature of Claim," as follows: "THE DEFENDANT HAS FAILED TO REMIT

2.

PAYMENT OF ATTORNEY FEES FOR SERVICES RENDERED BY THE PLAINTIFF AT DEFENDANT'S REQUEST. (SEE INVOICES ATTACHED HERETO AND STATEMENT.)"

{¶ 7} The matter proceeded to trial, before a magistrate, on February 6, 2017. At the trial, appellant requested a continuance because he had clients waiting at his office. The magistrate denied the request in light of appellee's claim that she could not continue to miss work. The magistrate found the parties entered into a valid agreement, but that appellant failed to comply with his obligations under the express terms. As a result, the magistrate recommended judgment in favor of appellee and a denial of appellant's request for damages. Appellant objected to the magistrate's decision but, on March 31, 2017, the trial court adopted the magistrate's recommended judgment. Appellant timely appealed.

### First Assignment of Error

{¶ 8} Appellant first asserts the trial court erred in denying his request for continuance where "he had clients in from out of town at his office[.]" Appellee did not submit a brief and thus waived argument.

{¶ 9} App.R. 16(A)(7) states "[t]he appellant shall include in its brief, under the headings and in the order indicated, all of the following: * * *(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."

3.

**{¶ 10}** Here, appellant provides no citation to legal authority to support this assigned error. It is within our discretion to decline to address it. *See*, *e.g.*, *TPI Asset Mgt., L.L.C. v. Baxter*, 5th Dist. Knox No. 2011CA000007, 2011-Ohio-5584, ¶ 31; *Abele v. McHugh Dodge Jeep*, 5th Dist. No. CT2010-0008, 2010-Ohio-6417, ¶ 12; *In re Estate of Poling*, 4th Dist. No. 04CA18, 2005-Ohio-5147, ¶ 18.

**{¶ 11}** Finding that appellant, a licensed attorney, failed to provide any citations to legal authority with respect to his first assigned error in contravention of App.R. 16(A)(7), the court accordingly will not address the first assignment of error and it is found not well-taken.

## Second Assignment of Error

**{¶ 12}** Although he does not specify the legal theory on which he relies, appellant asserts entering judgment against him was error because the trial court's findings were against the manifest weight of the evidence.

**{¶ 13}** The standard of review for manifest weight is the same in a criminal case as in a civil case, and an appellate court's function is to determine whether the greater amount of credible evidence supports the verdict. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 12; *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). "A manifest weight of the evidence challenge contests the believability of the evidence presented." (Citation omitted.) *State v. Wynder*, 11th Dist. Ashtabula No. 2001-A-0063, 2003-Ohio-5978, ¶ 23. The appellate court, as if the "thirteenth juror" must review the record, weigh the evidence and all reasonable

4.

inferences drawn from it, consider the witnesses' credibility and decide, in resolving any conflicts in the evidence, whether the trier-of-fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Prescott*, 190 Ohio App.3d 702, 2010-Ohio-6048, 943 N.E.2d 1092, ¶ 48 (6th Dist.), citing *Thompkins* at 387.

{¶ 14} Generally, a breach of contract occurs when (1) "a party demonstrates the existence of a binding contract or agreement"; (2) "*the non-breaching party performed its contractual obligations*"; (3) "the other party failed to fulfill its contractual obligations without legal excuse"; and (4) "the non-breaching party suffered damages as a result of the breach." (Emphasis added.) *Ngo v. Paramount Care, Inc.*, 6th Dist. Lucas No. L-05-1359, 2006-Ohio-3874, ¶ 11.

{¶ 15} Here, appellant acknowledged he did not send monthly itemized billing statements to appellee during the representation. This was found by the magistrate to be an express provision and covenant in the agreement. The transcript in the record reflects both appellant and appellee confirmed this was their understanding of the covenant, as follows:

> THE COURT: I guess my concern is that your agreement references that there will be monthly bills when she's past the retainer, and then there's a long discussion about how she's supposed to pay it and the security, you know, that would be required and a lot about billing. Which is fine, it's consistent and represents the Ohio advisory opinions to the

Disciplinary Counsel. But I just—I'm not sure—I'm just wondering if you have anything in response to why your agreement references monthly bills, that you didn't send her any monthly bills.

[APPELLANT]: Your Honor, at the time when this was taking place my secretary at the time was off six months. She had emergency surgery. Recently came back two months ago, which is why the monthly bills did not go out. * * *

THE COURT: All right. In the agreement you stipulated that you would receive a monthly bill of anything above and beyond that and that you would be responsible for anything in the monthly bill that you received; is that correct?

[APPELLEE]: Correct.

THE COURT: Is that your understanding as well?

[APPELLEE]: Yes. Yes, it is.

THE COURT: So had you received a monthly bill, you would have known that you were over the retainer amount, correct?

[APPELLEE]: Yes, ma'am.

THE COURT: All right. But it is your testimony here that you did not receive a monthly bill as stipulated in the agreement between you?

[APPELLEE]: I did not.

**{¶ 16}** Although there is no copy of the agreement in the record for us to review, we find it proper to conclude the court acted appropriately. *See* App.R. 9(E); *see also State v. Newman*, 6th Dist. Wood No. WD-15-031, 2016-Ohio-2667, ¶ 7 ("Without a complete appellate record, we must presume the regularity of the proceedings."). This is not the exceptional case we find the judgment against the manifest weight of the evidence. Accordingly, appellant's second assigned error is not well-taken.

### Conclusion

**{¶ 17}** The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                                 _____
JUDGE

Arlene Singer, J.

James D. Jensen, J.                                  _____
CONCUR.                                                 JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.