[Cite as *State v. Maurer*, 2018-Ohio-1546.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                    Court of Appeals No. S-17-049
                                                                        S-17-050
        Appellee

                                                 Trial Court No.      15TRC3301A
v.                                                                    15CRA256

Kimberly M. Maurer                               **DECISION AND JUDGMENT**

        Appellant                                Decided:  April 20, 2018

* * * * *

Timothy F. Braun, Sandusky County Prosecuting Attorney, and
Mark E. Mulligan, Assistant Prosecuting Attorney, for appellee.

Misty Wood, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} In this consolidated appeal, defendant-appellant, Kimberly Maurer, appeals

the October 2, 2017 judgment of the Sandusky County Court, District 1, which, following

her admission to probation violations, sentenced her to a total of 120 days in jail.  For the

reasons that follow, we affirm.

**{¶ 2}** On January 21, 2016, following no contest pleas, appellant was sentenced to a 90-day jail sentence for possession of drugs, R.C. 2925.11(C)(2)(a), and a 30-day sentence for the amended charge of reckless operation, R.C. 4511.20. The sentences were suspended, less the three-day drivers' intervention program, and appellant was placed on two years of probation with various conditions including a drug and alcohol assessment and abstention from any illicit drug or alcohol use.

**{¶ 3}** On October 2, 2017, appellant appeared via video and, following a waiver of her right to counsel, admitted to violating the terms of her probation. The original sentence was then imposed, consecutive sentences of 90 and 30 days. This appeal followed.

**{¶ 4}** Appellant now raises the following assignment of error for our review:

Ms. Maurer was not fully informed of the effects of the waiver of her right to counsel.

**{¶ 5}** In her sole assignment of error, appellant contends that her waiver of counsel was in violation of Crim.R. 11, in that, due to the serious nature of the misdemeanor offense, the trial court was required to address her personally to ascertain that she was aware of the nature of the charges, possible defenses, possible mitigating circumstances, and any other facts that were necessary to a full understanding of the matter.

**{¶ 6}** Reviewing the relevant case and statutory law, it appears that appellant is arguing that the court failed to comply with Crim.R. 32.3(B), which addresses revocation of probation proceedings and provides:

2.

(B) Counsel. The defendant shall have the right to be represented by retained counsel and shall be so advised. Where a defendant convicted of a serious offense[1] is unable to obtain counsel, counsel shall be assigned to represent the defendant, unless the defendant after being fully advised of his or her right to assigned counsel, knowingly, intelligently, and voluntarily waives the right to counsel. Where a defendant convicted of a petty offense is unable to obtain counsel, the court may assign counsel to represent the defendant.

* * *

(D) Waiver of counsel. Waiver of counsel shall be as prescribed in Crim.R. 44(C).

{¶ 7} Crim.R. 44(C) provides: "Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing."

{¶ 8} Appellant argues that she was not aware that the violation of her probation would result in the imposition of the original, suspended sentence; specifically, that her sentences for possession and reckless operation were to run consecutively. As set forth above, appellant waived her right to counsel during the video hearing on October 2, 2017. The recording of the hearing was not transcribed for our review. Upon appeal of an adverse judgment, the party appealing the judgment is charged with submitting the record

---

[1] A "serious offense" is defined in Crim.R. 2(C) as an offense with a minimum punishment of six months of imprisonment.

3.

or whatever portions of the record are necessary for determination of the appeal. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 19, 520 N.E.2d 564 (1988); App.R. 9(B) and 10(A). In the absence of a complete and adequate record, a reviewing court has nothing to pass upon and must presume the regularity of the proceedings. *Id. See State v. Newman*, 6th Dist. Wood No. WD-15-031, 2016-Ohio-2667, ¶ 7; *Sagert v. Elden Properties, L.P.*, 6th Dist. Erie No. E-07-036, 2008-Ohio-1861, ¶ 17. Further, the record contains appellant's signed, written waiver of the right to counsel as required under Crim.R. 44(C).

{¶ 9} Based on the foregoing, we find that appellant knowingly, intelligently, and voluntarily waived her right to counsel at the October 2, 2017 hearing. Appellant's assignment of error is not well-taken.

{¶ 10} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Sandusky County Court, District 1, is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
                                                      JUDGE
Arlene Singer, J.          

Christine E. Mayle, P.J.          _____
CONCUR.                                          JUDGE

                                  _____
                                                      JUDGE

4.

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.