[Cite as *Lash v. Hood*, 2023-Ohio-2010.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

Brittany M. Lash                                            Court of Appeals No.  E-22-020

    Appellee                                               Trial Court No.  2007 SU 164

v.

John Hood, III                                             **DECISION AND JUDGMENT**

    Appellant                                              Decided:  June 16, 2023

* * * * *

Brian A. Smith, for appellee.

Loretta Riddle, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} This case is before the court on appeal by appellant, J.H., (hereinafter "father") from the April 11, 2022 judgment of the Erie County Common Pleas Court, Juvenile Division.  For the reasons that follow, we affirm.

## Assignment of Error

The lower court's determination that it is in the best interest of the child pursuant to ORC 3109.04 that he be placed in the custody of plaintiff/appellee (be designated residential parent/legal guardian custodian) is contrary to the manifest weight of the evidence.

## Background

{¶ 2} Father and appellee, B.L. (hereinafter "mother"), are parents of T.H. On April 24, 2014, the parties entered into an Agreed Shared Parenting Plan pursuant to which mother was the residential parent of T.H. for school residency purposes only. Father had custody of T.H. during summer vacation, spring break, certain holidays, or portions of holidays, and whenever father was in Sandusky.[1]

{¶ 3} On June 5, 2019, father filed a Motion for Emergency Custody on the basis that T.H. had been abused or neglected and further that T.H. had been in the hospital five times that year and T.H.'s diabetes was "out of control." On that same date, father filed a Motion for Change of Parental Rights and Responsibilities (Custody).

{¶ 4} An ex parte hearing was had on the emergency motion and father was granted emergency custody. The court then held a probable cause review hearing and found probable cause for the issuance of the emergency custody order.

---

[1] At the time of the agreement, mother and T.H. lived in Sandusky and father lived out of state.

**{¶ 5}** A hearing was held on February 3, 2021 regarding father's motion for legal custody. On October 14, 2021, the magistrate issued a decision. After detailing the testimony presented at the hearing and considering the factors set forth in R.C. 3109.04(F)(1), including T.H.'s wishes, as relayed in an in camera interview, the magistrate determined that it was in T.H.'s best interest that father's Motion for Change of Parental Rights and Responsibilities be denied and that father's emergency temporary custody be terminated.

**{¶ 6}** Father filed objections to the magistrate's decision. However, father did not file a transcript of the magistrate's proceedings in conjunction with his objections. The trial judge denied father's objections, and then conducted a de novo review of the magistrate's decision. The judge concluded that the shared parenting plan was not in T.H.'s best interest and should be terminated as mother and father do not follow the provisions of their shared parenting plan and do not "effectively communicate or cooperate and share in decisions concerning their son." Therefore, the judge, inter alia, modified the magistrate's decision, granted father's Motion for Change of Parental Rights and Responsibilities, terminated the shared parenting plan, and designated mother T.H.'s residential parent and legal custodian.

**{¶ 7}** Father appealed.

3.

## Analysis

{¶ 8} Father contends that the trial court's determination that it was not in T.H.'s best interest to be placed in father's custody was against the manifest weight of the evidence. However, we note that father has not provided the court with a transcript of the hearing held on February 3, 2021.

{¶ 9} "Upon appeal of an adverse judgment, it is incumbent upon the party appealing the judgment to ensure that the record or whatever portions of the record are necessary for determination of the appeal are filed with the court in which review is sought. The duty of submitting the record falls upon an appellant because it is the appellant who bears the burden of showing error by references to matters in the record. In the absence of a complete and adequate record, a reviewing court has nothing to pass upon and must presume the regularity of the proceedings and the presence of sufficient evidence to support the trial court's decision." (Citations omitted.) *State v. $5,839.00 in U.S. Currency*, 6th Dist. Wood No. WD-17-006, 2018-Ohio-624, ¶ 12.

{¶ 10} Without the hearing transcript, we do not have a complete record, and we therefore presume the regularity of the trial court proceedings. Accordingly, father's assignment of error is denied.

4.

**Conclusion**

{¶ 11} The judgment of the Juvenile Division of the Erie County Court of

Common Pleas is affirmed. Pursuant to App.R. 24, father is hereby ordered to pay the

costs incurred on appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                        _____
                                                    JUDGE

Gene A. Zmuda, J.             

                                       _____
Myron C. Duhart, P.J.                              JUDGE
CONCUR.

                                       _____
                                                      JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.