OPINION *Page 2 
{¶ 1} Appellant State of Ohio appeals the April 28, 2008, decision of the Guernsey County Court of Common Pleas denying the State of Ohio's application for forfeiture.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Officers of the Ohio Department of Wildlife received information indicating that Appellee, Thomas E. Hill (hereinafter referred to as "Appellee") had been engaged in the illegal hunting and sale of deer. Investigator Mark R. Smith of that department arranged a meeting with Appellee in the parking lot of a former local grocery store. (T. at 14). From that location, Smith followed Appellee, who was driving his 1986 Chevy pick-up truck, to the home of Jerry Pontius. (T. at 14). Upon arrival at Pontius' home, Smith purchased four to six deer. (T. at 15)
 {¶ 3} Subsequently, on January 20, 2007, officers of the Department of Wildlife executed a search warrant at Appellee's residence. (T. at 15). The 1986 Chevy pick-up truck was located at Appellee's home at the time, and evidence of deer hunting was located therein, including three flashlights, a spot light, two empty 308 shell cartridges and a loaded magazine, in addition to dried blood and deer hair. (T. at 15).
 {¶ 4} On June 29, 2007, a two-count indictment was returned by the Guernsey County Grand Jury against Appellee, Thomas E. Hill, alleging violations of R.C. § 1531.02, Sale of Wild Animals, a felony of the fifth degree, and R.C. § 2913.42, Tampering with Records, a felony of the third degree. Said indictment was assigned case number 07-CR-45 and was captioned, State of Ohio vs. Thomas E. Hill. *Page 3 
 {¶ 5} On February 19, 2008, Appellee appeared before the Guernsey County Common Pleas Court for entry of terms of a negotiated plea. At that time, Count One of the Indictment was amended to "Attempted Sale of Wild Animals", a violation of R.C. 2923.02, a first degree misdemeanor. Appellee entered a plea of guilty to the amended charge. Appellee was sentenced to six months in the Guernsey County jail. Appellee was not assessed a fine but was ordered to pay restitution to the Ohio Department of Natural Resources in the amount of $1,340.00. The trial court then suspended the six month jail sentence and placed Appellee on one year of misdemeanor probation. Additionally, Appellee's Savage Rifle 308 was forfeited.
 {¶ 6} On February 21, 2008, following completion of the criminal case, Appellant State of Ohio initiated the case herein with the filing of a "Complaint for Forfeiture". Said case was captioned, In Re: 1986 Chevypick-up truck, VIN# 2GCDC14HXG1196381 (Thomas E. Hill), Case No. 08-CF-114.
 {¶ 7} On April 18, 2008, a hearing was held on Appellant's complaint for forfeiture before Judge David A. Ellwood. Following presentation of evidence, the trial court ordered the Assistant Prosecuting Attorney to provide to the court, within seven business days, the "so called `blue book' value" of the vehicle in question.
 {¶ 8} Pursuant to said order, Appellant provided information to the trial court as to the retail value of the vehicle.
 {¶ 9} On April 28, 2008, the trial court rendered its decision denying the complaint for forfeiture. *Page 4 
 {¶ 10} Appellant timely filed its notice of appeal on May 9, 2008, and requested a stay of judgment. Said stay was granted by the trial court on June 2, 2008.
 {¶ 11} Appellant assigns the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 12} "I. THE TRIAL COURT'S FAILURE TO FIND THAT THE 1986 CHEVY PICK-UP TRUCK WAS A MOBILE INSTRUMENTALITY AND SUBJECT TO FORFEITURE PURSUANT TO OHIO REVISED CODE SECTION 2981.02 WAS IN ERROR AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 13} "II. THE TRIAL COURT IMPROPERLY SHIFTED THE BURDEN OF PROOF TO THE STATE OF OHIO TO PROVE THE VALUE OF THE VEHICLE SOUGHT TO BE FORFEITED AND THAT THE VALUE OF SAID PROPERTY WAS DISPROPORTIANTE [SIC] TO THE SEVERITY OF THE OFFENSE CHARGED.
 {¶ 14} "III. THE TRIAL COURT'S DECISION THAT THE VALUE OF THE PROPERTY WAS DISPROPORTINATE [SIC] TO THE SEVERITY OF THE OFFENSE CHARGED WAS IN ERROR AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS APPELLEE PRESENTED NO EVIDENCE AS TO THE VALUE OF THE VEHICLE OR OTHER FACTORS AS SET FORTH IN OHIO REVISED CODE SECTION 2981.09(C)." *Page 5 
 I., II., III. {¶ 15} We shall address Appellant's three assignments of error simultaneously, as each of them assigns error to the denial of the forfeiture of the 1986 Chevy pick-up truck in question.
 {¶ 16} Revised Code § 2981.02, Property subject to forfeiture, provides:
 {¶ 17} "(A) The following property is subject to forfeiture to the state or a political subdivision under either the criminal or delinquency process in section 2981.04 of the Revised Code or the civil process in section 2981.05 of the Revised Code:
 {¶ 18} "(1) Contraband involved in an offense;
 {¶ 19} "(2) Proceeds derived from or acquired through the commission of an offense;
 {¶ 20} "(3) An instrumentality that is used in or intended to be used in the commission or facilitation of any of the following offenses when the use or intended use, consistent with division (B) of this section, is sufficient to warrant forfeiture under this chapter:
 {¶ 21} "(a) A felony;
 {¶ 22} "* * *
 {¶ 23} "(B) In determining whether an alleged instrumentality was used in or was intended to be used in the commission or facilitation of an offense or an attempt, complicity, or conspiracy to commit an offense in a manner sufficient to warrant its forfeiture, the trier of fact shall consider the following factors the trier of fact determines are relevant: *Page 6 
 {¶ 24} "(1) Whether the offense could not have been committed or attempted but for the presence of the instrumentality;
 {¶ 25} "(2) Whether the primary purpose in using the instrumentality was to commit or attempt to commit the offense;
 {¶ 26} "(3) The extent to which the instrumentality furthered the commission of, or attempt to commit, the offense."
 {¶ 27} A "mobile instrumentality" is defined under R.C. § 2981.02(B)(8) as an instrumentality that is inherently mobile and used in the routine transport of persons. "Mobile instrumentality" includes, but is not limited to, any vehicle, any watercraft, and any aircraft.
 {¶ 28} Additionally, R.C. § 2981.05, provides:
 {¶ 29} "(D) The court shall issue a civil forfeiture order if it determines that the prosecutor has proved by a preponderance of the evidence that the property is subject to forfeiture under section 2981.02 of the Revised Code, and, after a proportionality review under section 2981.09 of the Revised Code when relevant, the trier of fact specifically describes the extent of the property to be forfeited."
 {¶ 30} The proportionality review contained in R.C. § 2981.09,Value of property subject to forfeiture, states:
 {¶ 31} "(A) Property may not be forfeited as an instrumentality under this chapter to the extent that the amount or value of the property is disproportionate to the severity of the offense. The owner of the property shall have the burden of going forward with the evidence and the burden to prove by a preponderance of the *Page 7 
evidence that the amount or value of the property subject to forfeiture is disproportionate to the severity of the offense.
 {¶ 32} "(B) Contraband and any proceeds obtained from the offense are not subject to proportionality review under this section.
 {¶ 33} "(C) In determining the severity of the offense for purposes of forfeiture of an instrumentality, the court shall consider all relevant factors including, but not limited to, the following:
 {¶ 34} "(1) The seriousness of the offense and its impact on the community, including the duration of the activity and the harm caused or intended by the person whose property is subject to forfeiture;
 {¶ 35} "(2) The extent to which the person whose property is subject to forfeiture participated in the offense;
 {¶ 36} "(3) Whether the offense was completed or attempted.
 {¶ 37} "(D) In determining the value of the property that is an instrumentality and that is subject to forfeiture, the court shall consider relevant factors including, but not limited to, the following:
 {¶ 38} "(1) The fair market value of the property;
 {¶ 39} "(2) The value of the property to the person whose property is subject to forfeiture, including hardship to the person or to innocent persons if the property were forfeited."
 {¶ 40} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. *Page 8 Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E.Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279,376 N.E.2d 578, syllabus. It is based on this standard that we review appellant's assignments of error.
 {¶ 41} In the case sub judice, the trial court, at the conclusion of the evidentiary hearing on the forfeiture, ordered the State of Ohio to provide it with the bluebook value of the 1986 Chevy pick-up. While we find that the R.C. § 2981.09 places the burden on the owner of the property to value of the property subject to forfeiture is disproportionate to the severity of the offense, we find nothing in the law that prevents the trial court from requesting such information so that it can conduct the "proportionality review" pursuant to R.C. § 2981.05 and § 2981.06.
 {¶ 42} Upon receiving the requested value information in this case (low retail value — $2,350.00, average retail value — $5,059.00, high retail value — $7,363.00), the trial went on to find that the photographs represented that the truck was in low to average condition, concluding that the value range for the truck was $2,300.00 to $5,000.00. The trial court, finding that the maximum fine for a misdemeanor being limited to $1,000.00, found that the truck in this case was worth $2,000.00 to $3,000.00 more than such maximum fine. The trial court further found that Appellee had already been ordered to pay restitution in the amount of $1,440.00 in the companion criminal case. Based on such findings, the trial court denied the forfeiture of the vehicle. *Page 9 
 {¶ 43} As set forth above, R.C. § 2981.09 specifically states that "[property may not be forfeited as an instrumentality under this chapter to the extent that the amount or value of the property is disproportionate to the severity of the offense."
 {¶ 44} Under the manifest weight standard of review, we cannot say the trial court created a manifest miscarriage of justice in finding that the value property subject to forfeiture herein was disproportionate to the severity of the crime committed. We therefore find that the trial court did not err when it ordered the vehicle returned to Appellee.
 {¶ 45} Furthermore, nowhere in the record do we find that the trial court found the truck in this case was not a "mobile instrumentality" under the statute and therefore not subject to forfeiture. Rather, as set forth above, the trial court found that forfeiture of such vehicle would be disproportionate to the offense.
 {¶ 46} Appellant's assignments of error are overruled.
 {¶ 47} For the foregoing reasons, the judgment of the Guernsey County Court of Common Pleas is affirmed.
 Wise, J., Gwin, P. J., and Delaney, J., concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Guernsey County, Ohio, is affirmed. Costs assessed to Appellant. *Page 1