[Cite as *In re Leavell*, 2017-Ohio-991.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                          Court of Appeals No.  E-16-017

       Appellee                                       Trial Court No. 2014-CV-0347

v.

Douglas C. Leavell                                **DECISION AND JUDGMENT**

       Appellant                                       Decided:   March 17, 2017

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, Mary Ann
Barylski, Chief Assistant Prosecuting Attorney, and Jeanne Lippert,
Assistant Prosecuting Attorney, for appellee.

Douglas C. Leavell, pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant and party in interest, Douglas Leavell, appeals the February 2,

2016 judgment of the Erie County Court of Common Pleas which, following a

proportionality review hearing, found that appellant's 2003 Chevy Avalanche was used in

the commission of a felony, was valued between $6,500 and $8,500, and was subject to forfeiture.

{¶ 2} The relevant facts of this case are as follows. This action commenced on May 30, 2014, with the Erie County Prosecuting Attorney's filing of a petition for civil forfeiture pursuant to R.C. 2981.05. The petition sought the forfeiture of $602 and relevant to this appeal, a 2003 Chevy Avalanche. The petition alleged that appellant, as the named owner and perpetrator of the felony at issue, was the real party in interest.

{¶ 3} On the same day, appellee filed a motion to stay the civil forfeiture action pursuant to R.C. 2981.04(F), pending the outcome of the criminal proceedings which due to a conflict, was tried by special prosecutors from Medina County. The stay was granted.

{¶ 4} The petition was ordered to be served on appellant by certified mail and was served at his last-known address. A legal notice of the forfeiture proceedings was published in the local newspaper on August 8 and August 15, 2014.

{¶ 5} Appellant filed an answer to the forfeiture petition on June 30, 2014. Appellant admitted that he was the real party in interest, requested a jury trial, and requested that the matter be dismissed. On May 22, 2015, the stay was lifted. Appellant filed several motions to dismiss the action arguing various procedural deficiencies.

{¶ 6} On November 2, 2015, appellant filed a petition for a writ of mandamus with this court. Appellant requested that we order the lower to either return his vehicle or hold an immediate forfeiture hearing. In November 19, 2015, this court issued an alternative

2.

writ ordering the trial court to either return the vehicle or conduct a proportionality hearing or show cause as to why it was not done. The matter was dismissed as moot on March 14, 2015.

{¶ 7} On January 15, 2016, a two-step forfeiture hearing was held. First, the court determined that the state properly complied with the civil forfeiture procedural requirements and that the vehicle was subject to forfeiture; then, a proportionality hearing commenced.

{¶ 8} As to the claim that the matter was not concluded within the statutory time limits, the court found that after the stay was lifted, the parties agreed to set a briefing schedule and that a non-oral hearing was set for July 2, 2015. Thereafter, on July 27, 2015, the trial court again stayed the matter due to appellant's incarceration. Appellant vigorously disputed that he agreed to a continuance and waiver of the time limitations. The trial judge further noted that he did not feel there was a conflict of interest in proceeding with the case, unlike the criminal matter.

{¶ 9} As to proportionality, Sandusky Police Sergeant Dana Newell testified as to appellant's June 26, 2015 conviction for trafficking in heroin, five counts, possession of heroin, having weapons while under a disability, possession of cocaine, assault, and criminal damaging. The judgment entry was admitted into evidence. Newell testified that on May 13, 2014, he observed appellant exit his residence, get into the vehicle in question, and meet with a confidential informant in order to sell narcotics.

3.

**{¶ 10}** Regarding the civil forfeiture proceedings, Newell testified as to the exhibit titled "Proof of Publication" which showed that a legal notice of the forfeiture proceeding was published in the local newspaper on August 8 and August 15, 2014. Newell stated that the notice served to inform any person who may claim an interest in the vehicle. Newell also testified as to the Kelly Blue Book value of the vehicle which was $6,591.

**{¶ 11}** Newell was cross-examined as to the timing of the legal notice. Appellant highlighted the near three-month gap between his being served with the forfeiture petition and the legal notice publication.

**{¶ 12}** Erie County Title Department Supervisor Barbara Forrest testified as to the purchase price of the vehicle and that appellant was the titled owner of the vehicle.

**{¶ 13}** Sandusky Police Detective Ronald Brotherton testified that he was involved in the execution of a search warrant on appellant's residence. Detective Brotherton stated that he searched a bedroom and found a set of car keys belonging to the subject vehicle. The inventory sheet, which includes the 2003 Avalanche, was admitted into evidence.

**{¶ 14}** Appellant then testified on his own behalf. Appellant claimed that the narcotics sales at issue were made from a green Suzuki, not the Avalanche. Appellant further argued that there was no video surveillance of him selling drugs from the Avalanche. Appellant stated that he felt that the proceedings were a "malicious attempt to try to forfeit my vehicle." During cross-examination, appellant admitted that he

4.

entered a no contest plea to all the counts in the indictment. He stressed that the indictment made no mention of any drug sales being made from the vehicle.

{¶ 15} Appellant also disputed the value of the vehicle based upon modifications he had made including a lift kit, custom rims, 35-inch mud tires, and a custom exhaust system. The state noted that it included an off-road package in the valuation; appellant claimed this did not cover all the modifications. Appellant further argued that the maximum fine for a fourth-degree felony is $5,000 and that the value of the vehicle was $10,000 to $11,000. Appellant admitted that the vehicle had an odometer reading of 121,000 miles.

{¶ 16} On February 2, 2016, the trial court found that the vehicle was subject to forfeiture. Specifically, the court concluded that the state, by a preponderance of the evidence, found that the subject vehicle was the instrumentality in the commission of at least one felony offense and that the state had complied with the filing and notice provisions under R.C. 2981.06. As to proportionality, the court acknowledged both the state's evidence of value as well as appellant's and found that "the vehicle is worth somewhat more than $6,500 but not more than $8,500." The court then considered the seriousness of heroin trafficking and the fact that the vehicle was used in the commission of a fourth degree felony and was likely used in "an ongoing drug trafficking operation." Finally, the court in reviewing the value of the vehicle, appellant's lengthy incarceration, and its determination that no hardship would befall any "innocent persons" as a result of

5.

the forfeiture, ordered that the vehicle be forfeited. This appeal followed with appellant raising eight assignments of error for our review:

Assignment of Error I: The trial court errored in allowing the Erie County prosecutor's office to violate on-going conflict of interest and prosecute the civil forfeiture case.

Assignment of Error II: The trial court errored in holding the forfeiture hearing when they lacked jurisdiction.

Assignment of Error III: The trial court errored by not returning appellant's vehicle after appellant was not charged with the underlying offense within 30 days after the vehicle was seized.

Assignment of Error IV: The trial court errored in allowing appellee to proceed with the case when they were not in strict compliance of the Ohio Rules of Civil Procedure.

Assignment of Error V: The trial court errored by not showing what evidence supported a finding that the appellant's primary purpose in using the vehicle was to commit the offense.

Assignment of Error VI: The trial court errored by staying the vehicle before filing the charging instrument.

Assignment of Error VII: The trial court errored by allowing appellee to argue statements that were not in evidence or never proven to be true.

Assignment of Error VIII: The trial court errored in forfeiting the vehicle when it was disproportionate to the severity of the offense and by allowing hearsay and untruthful testimony.

{¶ 17} In his first assignment of error, appellant contends that because a conflict of interest necessitating the appointment of a special out-of-county prosecutor existed in the underlying criminal case, the same conflict should have prevented the Erie County Prosecutor's office from pursuing civil forfeiture proceedings.

{¶ 18} As noted by the state, a forfeiture action under R.C. 2981.05 is a civil, rather than criminal, proceeding. Pursuant to R.C. 2981.05(A), the prosecutor where property subject to forfeiture is located may commence a civil forfeiture action by filing a complaint requesting an order that forfeits the property to the state or a political subdivision.

{¶ 19} Because the forfeiture action was a separate, civil action, appellant was required to demonstrate prejudice. *See State v. Luna*, 6th Dist. Huron No. H-93-24, 1994 Ohio App. LEXIS 3807, *8 (Sept. 2, 1994). He did not. We reject appellant's first assignment of error.

{¶ 20} In appellant's second assignment of error he argues that the trial court lacked jurisdiction to proceed with the forfeiture hearing outside of the statutory 45-day following conviction time limitation. Appellant, though admitting that a stay was requested and granted, insists that he did not agree to the stay.

7.

**{¶ 21}** Reviewing appellant's argument, we note that appellant's mandamus action specifically requested that this court order the lower court to proceed with the forfeiture hearing which he now contends the court had no jurisdiction over. Further, in support of his arguments, appellant cites R.C. 2933.42, which was repealed in 2007. The current statutory framework, R.C. 2981.01 through 2981.14, does not provide a set time-frame for the hearing following conviction. R.C. 2981.03(F) provides:

(F) A prosecutor may file a forfeiture action under section 2981.04 or 2981.05 of the Revised Code, or both. If property is seized pursuant to this section and a criminal forfeiture has not begun under section 2981.04 of the Revised Code, the prosecutor of the county in which the seizure occurred shall commence a civil action to forfeit that property under section 2981.05 of the Revised Code.

If the property seized includes property alleged to be a mobile instrumentality or includes personal, business, or governmental records, the civil forfeiture action shall be brought within thirty days of seizure. Otherwise, the action shall be brought within sixty days of seizure. In either case, the period within which the action shall be brought may be extended by agreement of the parties or by the court for good cause shown. A prosecutor may file an appropriate charging instrument under section 2981.04 of the Revised Code to seek a criminal forfeiture after a civil

8.

forfeiture action begins. Filing a charging instrument for an offense that is also the basis of a civil forfeiture action shall stay the civil action.

A civil action to obtain civil forfeiture may be commenced as described in section 2981.05 of the Revised Code regardless of whether the offender or delinquent child has pleaded guilty to, been convicted of, or been adjudicated a delinquent child for the act that is the basis of the order.

{¶ 22} In the present case, we agree that appellant has failed to present a statutory error regarding the delay in holding the forfeiture hearing. Thus, we deny his second assignment of error.

{¶ 23} Appellant's third assignment of error argues that the trial court erred by not returning his vehicle where the state failed to charge him in the underlying offense within 30 days following its seizure. For his argument, appellant again relies on the repealed version of R.C. 2933.34(C), which provided: "Any property seized because of its relationship to an underlying criminal offense or administrative violation shall be returned to its owner if charges are not filed in relation to that underlying offense or violation within thirty days after the seizure * * *."

{¶ 24} The current version of the statute has no such time limitation. Appellant had the opportunity to request a conditional release of the property, R.C. 2981.03(D), and failed to do so. Under R.C. 2901.03(D)(3), appellant was required to establish certain criteria to establish eligibility for a conditional release. Appellant's third assignment of error is not well-taken.

9.

{¶ 25} In appellant's fourth assignment of error he contends that the state should not have been permitted to proceed with the forfeiture proceedings because it was not in compliance with the statutory notice requirements. Appellant relies on R.C. 2981.05(B) which provides:

> Prior to or upon commencement of a civil forfeiture action, the prosecutor shall attempt to identify any person with an interest in the property subject to forfeiture by searching appropriate public records and making reasonably diligent inquiries. The prosecutor shall give notice of the commencement of the civil action, together with a copy of the complaint, to each person who is reasonably known to have any interest in the property, by certified mail, return receipt requested, or by personal service. The prosecutor shall cause a similar notice to be published once each week for two consecutive weeks in a newspaper of general circulation in the county in which the property is located.

{¶ 26} Appellant argues that based on the above, the state was required to "attempt to locate a third party" prior to filing the petition and that pursuant to this court's case of *Erie Cty. Sheriff's Office v. One 2011 Chevy Cruze*, 6th Dist. Erie Nos. E-14-022, E-14-023, 2015-Ohio-72, the state was required to strictly comply with the statute.

{¶ 27} In the present case, we note that appellant, as an individual "reasonably known" to have an interest in the property was served with notice, by certified mail, with a copy of the complaint. Prior to any hearing or forward steps in the action, the

10.

prosecutor's office published a legal notice in the local newspaper. Under the facts of this case, the prosecutor's office complied with R.C. 2981.05(B). Appellant's fourth assignment of error is not well-taken.

{¶ 28} Appellant's fifth assignment of error contends that the trial court erred in finding that "appellant's primary purpose in using the vehicle was to commit the offense." R.C. 2981.02(A) permits forfeiture of property that is:

(1) Contraband involved in an offense;

(2) Proceeds derived from or acquired through the commission of an offense;

(3) An instrumentality that is used in or intended to be used in the commission or facilitation of any of the following offenses when the use or intended use, consistent with division (B) of this section, is sufficient to warrant forfeiture under this chapter:

(a) A felony; * * *.

{¶ 29} In order to determine whether an alleged instrumentality was used in the commission of an offense, the trier of fact determines:

(1) Whether the offense could not have been committed or attempted but for the presence of the instrumentality;

(2) Whether the primary purpose in using the instrumentality was to commit or attempt to commit the offense;

11.

(3)  The extent to which the instrumentality furthered the

commission of, or attempt to commit, the offense.  R.C. 2981.02(B).

{¶ 30} Reviewing a factfinder's forfeiture determination, an appellate court neither weighs the evidence nor judges the credibility of the witnesses.  *In re 1986 Chevy Pick-Up Truck Vin # 2gcdc14hxg1196381 (Thomas Hill)*, 5th Dist. Guernsey No. 08 CA 17, 2009-Ohio-174, ¶ 40.  The court's role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment.  *Id.*, citing *Cross Truck v. Jeffries*, 5th Dist. Stark No. CA-5758, 1982 Ohio App. LEXIS 15233 (Feb. 10, 1982).  *See State v. Maxie*, 3d Dist. Marion No. 9-13-73, 2015-Ohio-816, ¶ 35; *State v. Crumpler*, 9th Dist. Summit No. 26763, 2014-Ohio-3211, ¶ 7.

{¶ 31} Appellant argues that because the single drug transaction at issue could have been committed without the vehicle, it was not an "instrumentality" of the crime and not subject to forfeiture.  In support, appellant relies on a case where the lower court concluded that the defendant's vehicle was not subject to forfeiture because "there was no evidence that [the defendant's] vehicle was his only means of transportation or that [the defendant] had to travel anywhere at all to sell marijuana * * *."  *State v. Jelenic*, 9th Dist. Medina No. 10CA0024-M, 2010-Ohio-6056, ¶ 10.  In *Jelenic*, the defendant used the subject vehicle to drive to two sales of marijuana; one at a park and one at a fast-food restaurant.  *Id.* at ¶ 2.

{¶ 32} On appeal, the court first found that the vehicle was an instrumentality because it was used or intended to be used to commit an offense.  *Id.* at ¶ 9.  The court

12.

next examined whether the vehicle was used in a manner "sufficient to warrant forfeiture." *Id.* Rejecting the state's arguments, the appellate court concluded that the state failed to provide any evidence to support a finding that the defendant's primary purpose in using his vehicle was to commit the trafficking offenses. *Id.* at ¶ 20. It observed that "the trial court's point appears to be that Jelenic's vehicle did not further the commission of his offenses to any large degree because he could have committed his offenses without the aid of his vehicle." *Id.* at ¶ 22. Noting that the trial court's conclusion was "oddly phrased," the court affirmed finding that the state failed to point to any supporting evidence on appeal. *Id.*

{¶ 33} Two subsequent forfeiture cases refused to extend the holding in *Jelenic*: *State v. Maxie*, 3d Dist. Marion No. 9-13-73, 2015-Ohio-816 and *State v. Bandarapalli*, 8th Dist. Cuyahoga No. 96319, 2011-Ohio-6158. In *Maxie*, the defendant argued that his vehicle was not an "instrumentality of the crime" of drug trafficking because he could have selected any location to sell crack cocaine. *Id.* at ¶ 34. Distinguishing *Jelenic*, the court first noted that *Jelenic* involved review of the trial court's denial of a forfeiture petition; thus, the appellate court was required to defer to the trial court's findings against forfeiture. *Id.* at ¶ 40. Further, unlike *Jelenic*, the *Maxie* defendant actually sold drugs from his vehicle. *Id.* Similarly, in *Bandarapalli*, the court rejected *Jelenic* where the defendant drove the prostitutes in his vehicle to the hotel to meet the confidential informant. *Bandarapalli* at ¶ 32.

13.

{¶ 34} In the present matter, the court found that the subject vehicle was used in the commission of a felony on at least one occasion. The court further noted:

> The Defendant directly participated in the sale of heroin by using his vehicle for the transportation of the drug and himself to complete the sale which sale was in fact consummated resulting in a criminal felony conviction for trafficking heroin. It also appears likely that the vehicle was used in an ongoing drug trafficking operation by the Defendant.

{¶ 35} Reviewing the record, we note Detective Newell's testimony that on May 13, 2014, a confidential informant advised police that the informant could purchase heroin from appellant. Detective Newell stated that he observed appellant leave his residence in the subject vehicle and meet the informant. Newell states that he observed appellant trafficking heroin in a school zone. Although not specifically discussed, the questioning of Newell by appellant suggests that the sale was made "out of the Avalanche."

{¶ 36} Based on the foregoing, we find that the court did not err in determining that the subject vehicle was an instrumentality of the crime and that on at least one occasion appellant's primary purpose in using the vehicle was trafficking in heroin. Appellant's fifth assignment of error is not well-taken.

{¶ 37} In his sixth assignment of error, appellant argues that the trial court erred when it granted the state's motion for a stay of the forfeiture action where the indictment was not filed until three months later. Appellant cites R.C. 2981.03(F) which provides, in

14.

part, that "[f]iling a charging instrument for an offense that is also the basis of a civil forfeiture action shall stay the civil action." Appellant contends that the stay prevented him from attempting to get his vehicle back prior to indictment.

{¶ 38} As set forth above in our analysis of appellant's third assignment of error, R.C. 2981.03 provides for conditional release of seized property. Under R.C. 2981.03(A)(4), appellant could have filed a motion demonstrating why the seizure was unlawful and requesting relief. The court then would have been compelled to conduct a hearing on the motion. The fact that the stay was not mandatory because the criminal proceedings had not yet commenced, would have bolstered appellant's motion. We reject appellant's sixth assignment of error.

{¶ 39} Appellant's seventh and eighth assignments of error pertain to the evidence presented during the proportionality portion of the forfeiture hearing.

Pursuant to R.C. 2981.05(D), the trial court shall issue a civil forfeiture order if: (1) "the prosecutor proved by a preponderance of the evidence that the property is subject to forfeiture under section 2981.02 and after a proportionality review under section 2981.09 of the Revised Code when relevant, the trier of fact specifically describes the extent of the property to be forfeited." *Erie County Sheriff's Office v. One 2011 Chevy Cruze*, 2015-Ohio-72, at ¶ 9-10.

{¶ 40} Appellant's seventh assignment of error contends that the trial court erred in allowing closing argument which included statements that were not in evidence.

Specifically, appellant contends that the prosecutor made prejudicial statements over objection including that the subject vehicle was involved in several drug transactions and that it was purchased with drug proceeds. Conversely, the state argues that appellant entered no contest pleas to several counts of trafficking and that under the proportionality review factors of R.C. 2981.09, listed infra, the court was permitted to consider appellant's criminal history.

{¶ 41} Reviewing the record before us, we find that the trial court specifically found that the vehicle was subject to forfeiture based upon the testimony of Detective Newell and appellant's multiple trafficking convictions; the court did note that it appeared "likely that the vehicle was used in an ongoing drug trafficking operation by appellant."

{¶ 42} Even excluding the statement that the vehicle was likely used in ongoing drug trafficking, we conclude that the preponderance of the evidence supported the court's forfeiture order. Appellant's seventh assignment of error is not well-taken.

{¶ 43} Appellant's eighth and final assignment of error argues that the trial court erred in forfeiting the vehicle where its value was disproportionate to the severity of the offense. R.C. 2981.09(A) provides:

> Property may not be forfeited as an instrumentality under this
> chapter to the extent that the amount or value of the property is
> disproportionate to the severity of the offense. The owner of the property
> shall have the burden of going forward with the evidence and the burden to

16.

prove by a preponderance of the evidence that the amount or value of the property subject to forfeiture is disproportionate to the severity of the offense.

{¶ 44} Further, in making a proportionality determination, R.C. 2981.09(C) and (D) further provides:

(C) In determining the severity of the offense for purposes of forfeiture of an instrumentality, the court shall consider all relevant factors including, but not limited to, the following:

(1) The seriousness of the offense and its impact on the community, including the duration of the activity and the harm caused or intended by the person whose property is subject to forfeiture;

(2) The extent to which the person whose property is subject to forfeiture participated in the offense;

(3) Whether the offense was completed or attempted.

(D) In determining the value of the property that is an instrumentality and that is subject to forfeiture, the court shall consider relevant factors including, but not limited to, the following:

(1) The fair market value of the property;

(2) The value of the property to the person whose property is subject to forfeiture, including hardship to the person or to innocent persons if the property were forfeited.

{¶ 45} Appellant first contends that as to the offense, it did not occur in a school zone as testified by Detective Newell. We note that appellant entered a no contest plea and was found guilty of trafficking in heroin in a school zone, a fourth-degree felony. The judgment entry was entered into evidence.

{¶ 46} Appellant also disputes the court's comment that because appellant was incarcerated for a lengthy prison sentence, the value of the vehicle to him was not particularly great and loss of the vehicle did not cause hardship to innocent victims. Appellant stated that he argued that he had family members who could have used the vehicle. We note that appellant did make the statement that: "I have a girlfriend; I have family. It's- that's just a pure and malicious personal attack." Absent specific testimony regarding any hardship the loss of the vehicle would have caused, we cannot say that the court's finding was in error.

{¶ 47} Accordingly, we find that the prosecutor proved that the vehicle was subject to forfeiture and that the order was not disproportionate to the severity of the offense; thus, the trial court did not err in so ordering. Appellant's eighth assignment of error is not well-taken.

{¶ 48} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Erie County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

18.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                           _____
                                                              JUDGE

Arlene Singer, J.

Thomas J. Osowik, J.                           _____
CONCUR.                                                            JUDGE

                                                              _____
                                                                JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.