[Cite as *State v. $5,839 in U.S. Currency*, 2018-Ohio-624.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio

        Appellee

v.

$5,839.00 in U.S. Currency, et al.

        Appellant

Court of Appeals No. WD-17-006

Trial Court No. 16 CV 258

**DECISION AND JUDGMENT**

Decided:  February 16, 2018

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
Thomas A. Matuszak, Assistant Prosecuting Attorney, for appellee.

Terrell Travis, pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Terrell Travis, had commenced this pro se appeal from

the February 27, 2017 judgment[1] of the Wood County Court of Common Pleas granting

forfeiture of $5,839 in U.S. Currency.  For the reasons set forth herein, we affirm.

---

[1]The initial judgment entry was entered on December 30, 2016.  This court, sua sponte, remanded the matter for the court to enter a final and appealable order designating the distribution of the forfeited sum.

**{¶ 2}** The relevant facts are as follows. On May 2, 2016, the state of Ohio filed a complaint for forfeiture of $5,839 seized from appellant following an October 8, 2015 traffic stop in Northwood, Wood County, Ohio. The complaint alleged that a canine sniff of the currency detected a "target odor"; appellant was also asked if there was a paper trail for the money, he responded negatively. The complaint further stated that on November 25, 2015, appellant was indicted by the Seneca County Grand Jury of multiple counts of drug trafficking; he was ultimately sentenced to a nine-year prison term, with seven years mandatory.

**{¶ 3}** The state alleged that the money seized during the traffic stop was used or was intended to be used in the commission of multiple offenses including: money laundering, possession of drugs, trafficking in drugs, and possession of criminal tools. The complaint further stated that the money was contraband, proceeds, and/or an instrumentality stemming from the offenses. Thus, under R.C. 2981.11, 2981.12, and 2981.13, the property was subject to forfeiture. The complaint further alleged that the money was "unclaimed property" as defined in R.C. 2981.01(A)(13), and that forfeiture was appropriate.

**{¶ 4}** Appellant, proceeding pro se, requested return of his money. He first denied the averments in the state's complaint. Appellant asserted that his possession of the money was not illegal, that his guilty pleas in Seneca County had nothing to do with the money, and that statistically, 90 percent of paper money has drug residue on it.

2.

{¶ 5} On November 17, 2016, the case was set for a bench trial on December 16, 2016. Appellant requested a continuance on December 12, in order to add Karen Wright as a "proper" party to the case. The next day, the motion was summarily denied.

{¶ 6} On December 14, 2016, several items were filed in the case. Nonparty, Karen Wright, filed a motion to intervene in the action and a motion for summary judgment, and the affidavits of appellant and Ms. Wright were filed in support of the motion. The gist of the filings was that the money seized by the state was Ms. Wright's as she had entrusted appellant to purchase a vehicle in Bowling Green, Ohio, and deliver it to her in Findlay, Ohio.

{¶ 7} The case proceeded to trial and judgment was entered in favor of the state on its forfeiture complaint. Wright's motion to intervene was denied and her motion for summary judgment was denied as moot. This appeal followed.

{¶ 8} Appellant raises four assignments of error for our review:

Assignment of Error No. I. The trial court erred and abused its discretion in granting a forfeiture of the money of the claimant, Terrell Travis, when the state of Ohio was unable to prove a nexus between property seized and any criminal activity.

Assignment of Error No. II. The trial court erred and abused its discretion when it denied the defendant's motion for summary judgment.

Assignment of Error No. III. The trial court erred and abused its discretion when it denied the defendant's motion to add party.

3.

Assignment of Error No. IV. The trial court erred and abused its discretion when it denied the defendant's motion continuances [sic.].

{¶ 9} Appellant's first assignment of error contends that the trial court erred in finding that the sum at issue was subject to forfeiture.  R.C. 2981.02(A) permits forfeiture of property that is:

(1)  Contraband involved in an offense;

(2)  Proceeds derived from or acquired through the commission of an offense;

(3)  An instrumentality that is used in or intended to be used in the commission or facilitation of any of the following offenses when the use or intended use, consistent with division (B) of this section, is sufficient to warrant forfeiture under this chapter:

(a)  A felony; * * *.

{¶ 10} In order to determine whether an alleged instrumentality was used in the commission of an offense, the trier of fact determines:

(1)  Whether the offense could not have been committed or attempted but for the presence of the instrumentality;

(2)  Whether the primary purpose in using the instrumentality was to commit or attempt to commit the offense;

(3)  The extent to which the instrumentality furthered the commission of, or attempt to commit, the offense.  R.C. 2981.02(B).

{¶ 11} Reviewing a factfinder's forfeiture determination, an appellate court neither weighs the evidence nor judges the credibility of the witnesses. *In re 1986 Chevy Pick-Up Truck Vin # 2gcdc14hxg1196381 (Thomas Hill)*, 5th Dist. Guernsey No. 08 CA 17, 2009-Ohio-174, ¶ 40. The court's role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. *Id.*, citing *Cross Truck v. Jeffries*, 5th Dist. Stark No. CA-5758, 1982 Ohio App. LEXIS 15233 (Feb. 10, 1982). *See State v. Maxie*, 3d Dist. Marion No. 9-13-73, 2015-Ohio-816, ¶ 35; *State v. Crumpler*, 9th Dist. Summit No. 26763, 2014-Ohio-3211, ¶ 7.

{¶ 12} In the present matter, the transcript of the trial is not part of the record. Upon appeal of an adverse judgment, it is incumbent upon the party appealing the judgment to ensure that the record or whatever portions of the record are necessary for determination of the appeal are filed with the court in which review is sought. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 19, 520 N.E.2d 564 (1988); App.R. 9(B) and 10(A). The duty of submitting the record falls upon an appellant because it is the appellant who bears the burden of showing error by references to matters in the record. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). In the absence of a complete and adequate record, a reviewing court has nothing to pass upon and must presume the regularity of the proceedings and the presence of sufficient evidence to support the trial court's decision. *Id. See State v. Newman*, 6th Dist. Wood No. WD-15-031, 2016-Ohio-2667, ¶ 7; *Sagert v. Elden Properties, L.P.*, 6th Dist. Erie No. E-07-036, 2008-Ohio-1861, ¶ 17.

5.

{¶ 13} Accordingly, based upon the documents before us and, particularly, the pleadings of the parties, we find that appellant's first, second, and third assignments of error are not well-taken.

{¶ 14} In his fourth and final assignment of error, appellant contends that the court erred in denying his motion for a continuance of the trial date. Specifically appellant argues that the continuance was necessary to allow Karen Wright time to intervene and file motions in the action and that the delay would not have prejudiced the state.

{¶ 15} Appellant correctly states that a trial court's denial of a request for a continuance is reviewed for an abuse of discretion. *See State v. Unger*, 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981). In making that determination, the *Unger* court recognized: "'There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.'" *Id.*, quoting *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964).

{¶ 16} Reviewing the proceedings below, we cannot say that the court abused its discretion in denying the motion. Appellant's two-sentence motion contained no information about Ms. Wright's interest in the matter or what motions she would be filing. Further, the trial court later denied Ms. Wright's motion to intervene in the matter, which she did not appeal. Based on the foregoing, we find that appellant's fourth assignment of error is not well-taken.

6.

{¶ 17} On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Wood County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.      _____
JUDGE

Arlene Singer, J.     

_____
James D. Jensen, J.      JUDGE
CONCUR.

_____
JUDGE