[Cite as *State v. Baker*, 2024-Ohio-5070.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| TAMMY L. BAKER | : | Case No. 2024 CA 00019 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
                             Pleas, Case No. 2023 CR 00625


JUDGMENT:     Affirmed


DATE OF JUDGMENT:     October 21, 2024


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

KENNETH W. OSWALT                         BRIAN A. SMITH
20 South Second Street                    123 South Miller Road
Newark, OH  43055                         Suite 250
                                          Fairlawn, OH  44333

*King, J.*

{¶ 1} Defendant-Appellant Tammy L. Baker appeals the January 22, 2024 judgment of conviction and sentence of the Licking County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio. We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2} In August 2023, detectives of the Central Ohio Drug Task Force were conducting surveillance of Baker's home in Licking County. Detectives observed Baker as she left the home in her black 2013 Dodge Challenger and failed to stop at a red light. A traffic stop was conducted and Baker was found to be the sole occupant of the car. While one detective was issuing a warning citation, a second detective conducted a canine sniff of Baker's vehicle. The canine alerted on the vehicle. A subsequent search of the vehicle led to the discovery of 550 grams of methamphetamine, two scales, small plastic baggies, other drug paraphernalia, and $663.25 in cash. Baker admitted she had purchased the methamphetamine but told officers she could not recall from whom or when. Baker was subsequently indicted as follows:

{¶ 3} Count one, Aggravated Trafficking in Drugs (Methamphetamine), a felony of the first degree;

{¶ 4} Count two, Aggravated Possession of Drugs (Methamphetamine), a felony of the first degree; and

{¶ 5} Count three, Illegal Use or Possession of Drug Paraphernalia, a misdemeanor of the fourth degree.

{¶ 6} In addition, the indictment contained forfeiture specifications for Baker's 2013 Dodge Challenger and $663.25 in cash. The weight of the methamphetamine

involved was over 100 times bulk amount. Baker was arraigned and entered a plea of not guilty.

{¶ 7} On January 19, 2024, Baker withdrew her pleas of not guilty and entered pleas of no contest to counts one and two of the indictment and a plea of guilty to count three of the indictment. The trial court accepted Baker's pleas and convicted her. The court found counts one and two merged for purposes of sentencing and the state elected to proceed on count one. The trial court sentenced Baker to an indefinite term of incarceration of four to six years on count one and 30 days jail time on count three to be served concurrently. The court additionally ordered the forfeiture of the 2013 Dodge Challenger and $663.25 cash.

{¶ 8} Baker filed an appeal and was appointed counsel. Thereafter, Baker's attorney filed an *Anders* brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). In *Anders*, the United States Supreme Court held that if, after a conscientious examination of the record, the defendant's counsel concludes that the case is wholly frivolous, then counsel should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany the request with a brief identifying anything in the record that could arguably support the defendant's appeal. *Id.* Counsel also must: (1) furnish the defendant with a copy of the brief and request to withdraw; and (2) allow the defendant sufficient time to raise any matters that the defendant chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is frivolous, it may grant counsel's request to

withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶ 9}   On June 3, 2024, Baker's counsel filed a motion to withdraw and indicted he sent Baker a copy of the *Anders* brief and the relevant transcripts. By judgment entry filed June 21, 2024, this court noted counsel had filed an Anders brief and indicated to the court that he had served Baker with the brief. Accordingly, this court notified Baker via certified U.S. Mail that she "may file a pro se brief in support of the appeal within 60 days from the date of this entry." Baker did not do so.

{¶ 10}   The matter is now before this court for consideration of counsel's Anders brief. Counsel urges this court to review the following:

I

{¶ 11} "WHETHER THE TRIAL COURT'S SENTENCE WAS CONTRARY TO LAW, FOR ORDERING THE FORFEITURE OF THE CURRENCY AND DODGE CHALLENGER, WHERE THE STATE FAILED TO PROVE, BY PREPONDERANCE OF THE EVIDENCE THAT THE VEHICLE OR CURRENCY WAS SUBJECT TO FORFEITURE PURSUANT TO R.C.2981.02."

{¶ 12} Counsel asks this Court to determine if there is any merit to an argument that the State failed met its burden to prove that the vehicle and cash were subject to forfeiture. We find none.

{¶ 13} R.C. 2981.02 defines what property is subject to forfeiture under the criminal process. It includes contraband, proceeds, or any instrumentality that is used in commission of a felony. R.C. 2981.02(A)(1)(a)-(c)(i). Criminal forfeiture must be initiated by including a specification in the indictment. R.C.2941.1417; *State v. Recinos*, 2014-

Ohio-3021 (5th Dist.). Here, the indictment stated that the black 2013 Dodge Challenger and $663.25 were subject to forfeiture as the vehicle was an instrumentality involved in the commission of trafficking and possession of drugs as contained in counts one and two of the indictment, and the cash was derived from or acquired through the commission of counts one and two of the indictment. Indictment, docket item 8.

{¶ 14} Pursuant to R.C. 2953.08(F), upon appeal of the sentence, we are required to review the record, including any oral or written statements and presentence investigation reports. R.C. 2953.08(F)(1)-(4). After reviewing the record, we do not weigh the evidence or judge the credibility of the witnesses. *In re Hill*, 2009-Ohio-174, ¶ 40 (5th Dist.). Rather, our focus is determining "whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment." *Id.*

{¶ 15} The facts recited by the state at the change-of-plea hearing included that Baker had been under surveillance by CODE and was stopped by task force detectives when she committed a traffic violation. A canine sniff led to a search of a black 2013 Dodge Challenger, VIN number 2C3CDYBT6DH713630, titled to Baker and driven by Baker, which led to the discovery of 550 grams of methamphetamine — 3.5 times the amount required to charge a first-degree felony — drug paraphernalia including scales and small plastic baggies, and $663.25 in cash. Baker admitted at the scene that she had purchased the methamphetamine. Transcript of plea (T.) 9-11. Upon review of the transcript of change-of-plea hearing and the entire record, we note Baker did not dispute the state's recitation of the facts, nor did she contest the forfeiture. (T.) at 11-12.

{¶ 16} The record demonstrates Baker used the Dodge Challenger to transport a large amount of methamphetamine along with the tools of the trade of trafficking. Based

on this evidence, there was competent, credible evidence for the trial court to conclude that the Challenger subject to forfeiture as an instrumentality of the commission of trafficking in methamphetamine. Likewise, there was competent, credible evidence presented for the trial court to conclude the cash was derived from or acquired through the commission of trafficking in methamphetamine.

{¶ 17} "Anders equated a frivolous appeal with one that presents issues lacking in arguable merit. ... An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *State v. Pullen*, 2002-Ohio-6788, ¶ 4 (2d Dist.).

{¶ 18} After independently reviewing the record, we agree with appellate counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal.

{¶ 19} We find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the trial court.

{¶ 20} The judgment of the Court of Common Pleas of Licking County, Ohio, is hereby affirmed.


By King, J.,

Delaney, P.J. and

Gwin, J. concur.